# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEPHANIE HUG, on her own behalf and on behalf of all other similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:14CV00138 ERW ) |
| AMERICAN TRAFFIC SOLUTIONS, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant American Traffic Solutions, Inc.'s Motion to Dismiss First Amended Petition [ECF No. 21].

### I. BACKGROUND

On December 20, 2013, Plaintiff Stephanie Hug, on her own behalf and on behalf of all others similarly situated (collectively, Plaintiffs) filed the First Amended Class Action Petition (Petition) in the Circuit Court for the City of St. Louis, Missouri. The Petition states Defendant American Traffic Solutions, Inc. contracted with the City of St. Louis (City) to aid enforcement of City Ordinance 66868, codified at St. Louis City, Mo., Rev. Code § 17.07.010 et seq. (Ordinance). Enacted in 2005, the Ordinance authorizes installation and use of traffic cameras to detect certain red light traffic violations. The Petition defines a "Class" of Plaintiffs as all persons "accused" of a red light violation based upon a red light camera in the City. ECF No. 1-2 at ¶ 35. It further defines a "Sub-Class" of Plaintiffs as all persons who paid fines as a result of accusations arising out of a red light camera. ECF No. 1-2 at ¶ 36. Collectively, Plaintiffs allege the red light Ordinance impermissibly places the burden on the accused to rebut a presumption of

guilt, which is ultimately based on the registered owner of the vehicle, rather than the driver. Plaintiffs claim, by contracting with the City to help enforce the Ordinance, Defendant violated Article I, Section 10 of the Missouri Constitution and the Missouri Merchandising Practices Act (MMPA). Plaintiffs also assert a claim for unjust enrichment. They seek damages, disgorgement of Defendant's allegedly illicit revenues, a declaration that the Ordinance is unconstitutional and void, and an injunction prohibiting Defendant from providing the contested services in the future.

On January 23, 2014, Defendant removed the Petition to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Defendant now moves to dismiss the Petition for failure to join a necessary party, and for failure to state a claim upon which relief can be granted.

## II. STANDARD

Under Federal Rule of Civil Procedure (FRCP) 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

## III. DISCUSSION

In its Motion, Defendant argues the Petition should be dismissed for two main reasons. First, Defendant argues the entire Petition should be dismissed for failure to join a necessary party pursuant to FRCP 19(a). Second, Defendant contends each of the Petition's four individual Counts should be dismissed for failure to state a claim upon which relief can be granted.

### A. *Necessary Joinder*

First, Defendant argues the Petition should be dismissed pursuant to FRCP 12(b)(7), for failure to join the City and the Director of the Department of Revenue (Director) under FRCP 19. Defendant contends the City must be a party, because the City enacted the Ordinance, and has an interest in protecting its validity. Additionally, Defendant claims, under Missouri law, the Director has exclusive authority to designate which traffic offenses lead to the assessment of points, and Missouri courts then report traffic violations to the Department of Revenue; thus, Defendant maintains "the Director may be affected by a declaration of invalidity of the Ordinance because the Department of Revenue is the party responsible for the promulgation and application of charge codes related to the Ordinance." ECF No. 22 at 6.

The Court does not agree this case should be dismissed for failure to join the City and the Director. FRCP 19 determines whether joinder of a particular party is compulsory. Specifically, FRCP 19(a)(1) states,

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"Subsection '(a)(1) requires joinder only when the absence of the unjoined party prevents complete relief among the current parties. . . . The focus is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person.'" *Gwartz v. Jefferson Memorial Hosp. Ass'n*, 23 F.3d 1426, 1428 (8th Cir. 1994) (quoting *LLC Corp. v. Pension Benefit Guar. Corp.*, 703 F.2d 301, 305 (8th Cir. 1983)). The party moving for dismissal under FRCP 12(b)(7) has the burden to show joinder of the absent party is necessary under FRCP 19. *EEOC v. Apria Healthcare Grp., Inc.,* 222 F.R.D. 608, 610 (E.D. Mo. 2004).

In arguing the City and the Director must be joined, Defendant conflates "necessary" parties with "proper" parties. That is, while Defendant has stated many cogent reasons the City and the Director could be allowed to join this suit, Defendant has failed to state reasons the City and the Director *must* be joined. Defendant has not shown either the City or the Director have claimed an interest in the subject of this suit. Fed. R. Civ. P. 19(a)(1)(B). Nor has Defendant shown the Court would be unable to accord complete relief among the parties without them. Fed. R. Civ. P. 19(a)(1)(A). Aside from a declaration the Ordinance is invalid, Plaintiffs seek injunctive relief and damages solely from Defendant. Simply because the City and Director "may be affected" by this litigation does not make them necessary parties under FRCP 19. ECF No. 38 at 5. Defendant may be correct when it contends the classification of traffic offenses is a task exclusively assigned to the Director; however, this allegation bears more relevance on Defendant's defense than it does on the purported necessary joinder of the City and Director, which have not come forward to claim an interest in the subject of this litigation.

Finally, Defendant relies on inapposite case law. For example, Defendant cites *Mackey v. Montrym* for the proposition the City has a "paramount" interest in "preserving the safety of its public highways[.]" 443 U.S. 1, 17 (1979). *Mackey*, however, had nothing to do with the meaning of necessary joinder. Rather, *Mackey* discussed the government's interest in highway safety solely to determine whether a particular statute met the due process requirements delineated by *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See also Mackey*, 443 U.S. at 11-19 (applying three-part *Eldridge* test: (1) "identification of the nature and weight of the private interest affected by the official action challenged," (2) "consideration of the likelihood of an erroneous deprivation of the private interest involved as a consequence of the procedures used," and (3) balancing "the state interests served by summary procedures used, as well as the administrative and fiscal burdens . . . that would result from the substitute procedures sought."). Defendant's first argument for dismissal is denied.

### B. *Failure to State a Claim upon which Relief Can Be Granted*

In its remaining grounds for dismissal, Defendant argues each of Plaintiffs' Counts individually fails to state a claim upon which relief can be granted, and should therefore be dismissed pursuant to FRCP 12(b)(6). The Court addresses each Count in turn.

#### 1. Count I

Count I seeks damages on behalf of the Sub-Class for Defendant's alleged violation of Article I, Section 10 of the Missouri Constitution. Specifically, Plaintiffs allege the Ordinance "conflicts with Article I, Section 10 of the Missouri Constitution[1] because it impermissibly places the burden upon the owner of the vehicle to rebut a presumption of guilt, in violation of the due process rights of [Plaintiffs]." ECF No. 1-2 at ¶ 46. Plaintiffs further allege Defendant

---

[1] Article I, Section 10 of the Missouri Constitution dictates "[t]hat no person shall be deprived of life, liberty or property without due process of law."

has made explicit promises to not assess points for Ordinance violations; Plaintiffs contend this violates Missouri Revised Statute § 302.225, which, according to Plaintiffs, "expressly requires such reporting." ECF No. 1-2 at ¶ 47. Defendant contends Count I fails to state a claim for two reasons.

### a.     Criminal Nature of Ordinance

First, Defendant argues Count I fails to state a claim upon which relief can be granted, because the Ordinance is civil, not criminal, in nature, and, therefore, the government need not prove Ordinance violations beyond a reasonable doubt. "Under Missouri law, municipal ordinance violations are considered civil actions, while prosecutions of municipal ordinances are 'quasi-criminal in nature' because the rules of criminal procedure apply." *Brunner v. City of Arnold*, 427 S.W.3d 201, 231 (Mo. App. E.D. 2013). Different courts examining Missouri red-light camera ordinances have reached varying conclusions on whether to classify these ordinances as civil or criminal.

Defendant relies primarily on *Kilper v. City of Arnold*, No. 4:08CV0267 TCM, 2009 WL 2208404 (E.D. Mo. July 23, 2009). In *Kilper*, this Court examined a red-light camera ordinance in the City of Arnold, Missouri. *Id.* at *1. After an in-depth analysis of the particular ordinance at issue, the court concluded it was civil in nature. *Id.* at **13-19. *Kilper*, however, is not authoritative in the instant case, because the plaintiffs in *Kilper* alleged violations of their federal rights. *Id.* In fact, after dismissing the federal claims, the court declined to exercise supplemental jurisdiction over the plaintiffs' state law claims. *Id.* at *22. Here, Plaintiffs allege violations of their state rights under the Missouri Constitution. Therefore, the Court looks to Missouri law to determine whether the Ordinance is civil or criminal for purposes of the state constitution.

In *Brunner v. City of Arnold*, the Missouri Court of Appeals, in addressing the City of Arnold red-light camera ordinance for purposes of the Missouri Constitution, delineated the following factors to determine whether a given automated traffic ordinance is civil in nature:

> (1) the ordinance includes express language indicating a municipality's intention to consider a violation of the ordinance to be civil in nature;
>
> (2) the ordinance imposes a sanction that does not involve an affirmative disability or restraint on the individual but merely imposes a fine without assessing points against an individual's driver's license;
>
> (3) the civil, non-point penalty for violating the ordinance is assessed without regard to the individual's knowledge or state of mind at the time of the violation;
>
> (4) the presence of the deterrent purpose of the sanction may serve civil as well as punitive goals;
>
> (5) the behavior to which the sanction applies is not already a crime;
>
> (6) the ordinance is rationally connected to the broader, legitimate non-punitive purpose of promoting public safety; and
>
> (7) the sanction imposed by the ordinance does not appear excessive in relation to the ordinance's purpose of promoting public safety.

427 S.W.3d 201, 232 (Mo. App. E.D. 2013). Defendant, as the moving party with the burden of showing the Petition should be dismissed, does not fully address these factors.[2] Defendant

---

[2] In fact, Defendant entirely discredits *Brunner*, stating, "Surprisingly, the Missouri Court of Appeals did not mention or so much as attempt to distinguish Judge Mummert's earlier decision in *Kilper*, which examined the same issue and the same ordinance from the City of Arnold." ECF No. 38 at 9. The Court does not agree this is "surprising." In *Kilper*, the Court made an inquiry strictly under federal law, while this case, like *Brunner*, requires an inquiry strictly under state law. Citing *Jamison v. Department of Social Services*, 218 S.W.3d 399, 405 (Mo. 2007) (en banc), Defendant attempts to reconcile this distinction, by stating, "The Missouri Court of Appeals [in *Brunner*] owed deference to . . . *Kilper* because Missouri's due process provisions parallel federal law." ECF No. 38 at 9 n. 3. Admittedly, in *Jamison*, the Supreme Court of Missouri did state it treats Missouri's due process clause and the federal due process clause similarly. 218 S.W.3d at 405 n. 7. However, that statement was made in the context of a different inquiry: whether a particular state statute provided adequate procedures. *See id.* at 405-07. This is a far cry from the instant issue, which is whether a given ordinance is classified as criminal or civil for purposes of the due process clause.

merely states (1) the Ordinance imposes a fine, and (2) Plaintiffs have not alleged the Ordinance contains a scienter requirement.  The Ordinance may well be civil, but, on these simple facts, the Court is unable to conclusively classify it one way or the other.  Because the record and the arguments are underdeveloped regarding this issue, the Court will not dismiss Count I at this juncture. [3]

### b. Qualified Immunity

Defendant also contends Count I should be dismissed on the basis of qualified immunity.  Both parties spend a great deal of time briefing this issue.  Both parties cite several cases, almost all of which pertain to claims of federal civil rights violations under 42 U.S.C. § 1983.  It appears neither party is aware qualified immunity applies to federal claims only.  *See Jenkins v. City of N.Y.*, 478 F.3d 76, 86 (2d Cir. 2007) ("'Qualified immunity' protects an official from liability under *federal* causes of action but is not generally understood to protect officials from claims based on state law.") (emphasis in original); *Gossman v. Allen*, 950 F.2d 338, 341 (6th Cir. 1991) ("Since Gossman's state law claims for damages do not invoke any federal law whatsoever, qualified immunity is not an available defense."); *Thompson v. City of Clio*, 765 F. Supp. 1066, 1075 n.4 (M.D. Ala. 1991) ("[Q]ualified immunity is not a defense to state law causes of action."); *Ramos v. Sedgwick County Sheriff's Dept.*, 785 F. Supp. 1457, 1463 (S.D. Fla. 1991) ("Plaintiff is indeed correct that qualified immunity is a defense only to a section 1983 claim, and not to the pendent state law claims."); *Andreu v. Sapp*, 919 F.2d 637, 640 (11th Cir. 1990)

---

[3] Nor does the Court find Plaintiffs' argument persuasive.  Plaintiffs state the Court is bound to follow *Brunner*, because "the Missouri Court of Appeals has concluded that red light camera ordinances are criminal, implicitly rejecting the approach used in *Kilper*[.]"  ECF No. 32 at 9.  The court in *Brunner*, however, conducted a step-by-step examination of an ordinance separate from the one at issue in this case.  Nothing in *Brunner* stands for Plaintiffs' broad proposition Missouri courts have held *all* red-light camera ordinances to be criminal in nature.

("Qualified immunity is a defense to federal causes of action and does not protect officials from claims based upon state law.").

Here, Count I is a state law claim, based on an alleged violation of Article I, Section 10 of the Missouri Constitution. Defendant's Notice of Removal states the basis of federal jurisdiction here is the Class Action Fairness Act, including minimal diversity under 28 U.S.C. § 1332(d)(2)(A), not due to a question of federal law under 28 U.S.C. § 1331. Thus, the Court will not dismiss Count I on the basis of qualified immunity.

### 2. Count II

In Count II, Plaintiffs allege Defendant violated the MMPA as to the Sub-Class. Specifically, Plaintiffs contend,

> By asserting violations of law and the entitlement to collect money on behalf of the City based entirely upon an ordinance that is void and unenforceable, Defendant . . . has engaged in 'deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact' with respect to the transactions in violation of [the MMPA].

ECF No. 1-2 at ¶ 56.

Defendant argues Count II should be dismissed for failure to state a claim, because Plaintiffs "cannot allege that [Defendant] sold any merchandise or service to [them], advertised any merchandise or service to [them], or was a party to an initial sales transaction with [them]." ECF No. 22 at 11. Plaintiffs respond Defendant's alleged conduct falls within the scope of the MMPA, because Defendant purportedly collected fines pursuant to an unconstitutional ordinance.

The MMPA reads in relevant part:

Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a

> private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages.

Mo. Rev. Stat. § 402.025.1. The term "merchandise" is further defined as "any objects, wares, goods, commodities, intangibles, real estate or services[.]" Mo. Rev. Stat. § 407.010.4 To state a claim for an MMPA violation, a plaintiff must allege he or she:

> (1) purchased or leased merchandise; (2) primarily for personal, family or household purposes; and (3) thereby suffered an ascertainable loss of money or property, real or personal; (4) as a result of the defendant's use of one of the methods or practices declared unlawful by Section 407.020.

*Barnes v. Fed. Home Loan Mortg. Corp.*, 2013 WL 1314200, at *7 (Mo. App. W.D. Mar. 28, 2013). In addition, "[a]n MMPA claim may not be brought against a third-party that was not part of the initial transaction." *Id.*

The Court agrees Count II should be dismissed. The Petition does not state Plaintiffs purchased any merchandise or services from Defendant.[4] In any event, Plaintiffs have not pled the second element; that is, even if Plaintiffs had alleged they purchased services from Defendant, the Petition fails to allege the services were for "personal, family or household purposes." Count II is dismissed, without prejudice.

### 3. Count III

Defendant moves to dismiss Count III, which states Defendant was unjustly enriched by the fines paid by the Sub-Class. Defendant contends Count III cannot go forward, because it is barred by the voluntary payment doctrine.[5]

---

[4] The Petition does state Defendant contracted with the City.

[5] Additionally, in its reply brief, Defendant raises a new argument. Specifically, it states Count III should be dismissed, because Plaintiffs have alleged the Class has not conferred any benefit upon Defendant, and the Petition therefore fails to plead the elements for unjust enrichment. "It is . . . generally improper to raise a new argument in a reply brief." *U.S. v. Henry*, No. 4:07CR129 CAS, 2011 WL 147758, at *1 n. 1 (E.D. Mo. Jan. 18, 2011) (citing *Fed. Trade*

In Missouri, "[t]o establish the elements of an unjust enrichment claim, the plaintiff must prove that (1) he conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. App. W.D. 2010). The voluntary payment doctrine dictates a payment cannot be recovered if made under mistake of law, but not fact. *Id.* In other words, "a person who voluntarily pays money with full knowledge of all the facts in the case, and in the absence of fraud or duress, cannot recover it back, though the payment is made without sufficient consideration, and under protest." *Huch v. Charter Communications, Inc.*, 290 S.W.3d 721, 726 (Mo. 2009) (en banc) (quoting *Am. Motorists Ins. Co. v. Shrock*, 447 S.W.2d 809, 812 (Mo. App. K.C. 1969)).

It appears from the parties' respective arguments that whether the voluntary payment doctrine applies here depends on whether Plaintiffs were subjected to duress. In another red-light camera case, *Unverferth v. City of Florissant*, the Missouri Court of Appeals, Eastern District, stated, "Missouri courts do not recognize the threat of legitimate legal process as duress because the party threatened is entitled to plead and prove that he is not liable." 419 S.W.3d 76, 107 (Mo. App. E.D. 2013). That said, in a subsequent red-light camera case, *Damon v. City of Kansas City*, the Missouri Court of Appeals, Western District, distinguished *Unverferth*. 419 S.W.3d 162 at 193-94. In *Damon*, the court noted the petition specifically alleged the defendants, City of Kansas City and American Traffic Solutions, Inc. (ATS), "knew the ordinance and/or collection procedure was illegal." *Id.* at 194. Construing the allegations in the

---

*Comm'n v. Neiswonger*, 580 F.3d 769, 775 (8th Cir. 2009)). As Plaintiffs have not had an opportunity to respond to Defendant's newly asserted argument, the Court will not consider it at this time.

petition as true, the court knew "of no authority indicating that [Kansas City] was entitled to pursue legal action against [the plaintiffs.]" *Id.* at 193. Additionally, the petition alleged "ATS had an opinion by Missouri legal counsel prior to the enactment of the ordinance that the ordinance was invalid." *Id.* at 194. Finally, the petition alleged Kansas City and ATS worked in tandem to use a void ordinance for pecuniary gain. *Id.* Based on these allegations, the court concluded the plaintiffs had sufficiently alleged duress, and the voluntary payment doctrine did not warrant dismissal. *Id.* at 193.

In *Brunner*, the Missouri Court of Appeals, Eastern District, endorsed the distinction made in *Damon*. 427 S.W.3d at 235. Specifically, the court applied *Unverferth* to conclude the trial court properly dismissed an unjust enrichment claim against the City of Arnold, Missouri. *Id.* However, the Court expressly stated, "Nevertheless, we agree with *Damon*, in that we hold that the trial court erred in dismissing [the plaintiffs'] claim for unjust enrichment as against ATS." *Id.* The court explained further discovery could help determine whether the City of Arnold surrendered its governmental functions to ATS, thereby unjustly enriching ATS. *Id.*

In light of the foregoing, the Court concludes it is possible, but not certain, the voluntary payment doctrine will apply in this case. Thus, the Court concludes dismissal of Count III would be improper at this stage of litigation. The voluntary payment doctrine is an affirmative defense to the claim of unjust enrichment. *Damon v. City of Kansas City*, 419 S.W.3d 162, 194 (Mo. App. W.D. 2013). Nothing in the Petition alleges Plaintiffs had "full knowledge of all the facts in the case." *Huch*, 290 S.W.3d at 726 (quoting *Shrock*, 447 S.W.2d at 812). Therefore, the Court agrees with Plaintiffs: the record is not sufficiently developed to warrant dismissal, even if the voluntary payment doctrine ultimately applies. Accordingly, the Court will not dismiss Count III.

### 4. Count IV

In Count IV, Plaintiffs seek a declaratory judgment and injunctive relief. Plaintiffs contend the Ordinance is unenforceable, because (1) "[i]t improperly shifts the burden upon the accused to rebut a presumption of guilt, in violation of due process law," and (2) "[i]t conflicts in practice with a Missouri Statute requiring jurisdictions to report convictions of moving violations." ECF No. 1-2 at ¶ 65.

Defendant seeks dismissal of Count IV on the basis of the Court lacks the ability to grant declaratory relief in this case. In Missouri,

> [a] court may grant a declaratory judgment if presented with: (1) a justiciable controversy that presents a real, substantial, presently existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake, consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law.

*Schaefer v. Koster*, 342 S.W.3d 299, 300 (Mo. 2011) (en banc). Defendant maintains the Sub-Class cannot show a presently existing controversy, because they have already paid their fines. Defendant also claims the Sub-Class has waived its constitutional challenges to the Ordinance's validity by failing to raise them at the municipal level. Additionally, Defendant argues the remaining Plaintiffs, who have not yet paid their fines, have an adequate remedy at law due to the availability of municipal proceedings. Thus, Defendant maintains the Court cannot grant declaratory relief in this case.

In light of *Brunner*, the Court does not agree. In *Brunner*, the Missouri Court of Appeals explained the plaintiffs had no obligation to contest the validity of the statute at the municipal level, because "a municipal court – having jurisdiction only to try violations of municipal ordinances and not state law – has no subject matter jurisdiction, *ab initio*, pursuant to a void and

unenforceable ordinance that conflicts with state law." 427 S.W.3d at 214. Likewise, because Plaintiffs could not have raised their constitutional claims at the municipal level, they did not waive any claims. Moreover, the Plaintiffs who have not yet paid their fines lack an adequate remedy at law, because they cannot raise their constitutional challenges at the municipal level, and, because they have not paid their fines, they have a presently existing controversy. Accordingly, the Court need not reach the issue whether the Sub-Class has a presently existing controversy. The Court denies Defendant's request to dismiss Count IV.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant American Traffic Solutions, Inc.'s Motion to Dismiss First Amended Petition [ECF No. 21] is **GRANTED, in part, and DENIED, in part.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Counts I, III, and IV of the Petition is **DENIED.**

**IT IS FURTHER ORDERED** that Count II of the Petition is **DISMISSED, without prejudice.**

Dated this  11th  Day of June, 2014.

*E. Richard Webber*
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE